|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Phillip Shiel,<br><br>    Defendant | Case No.: 2:18-cr-00144-JAD-EJY<br><br>**Order Re: Petition for<br>Sentence Reduction**<br><br>[ECF No. 194] |

Phillip Shiel is serving a 138-month federal-prison sentence after pleading guilty under a written plea agreement to robbery-related offenses involving a series of 2017 armored-car robberies.[1] Seven years of that sentence are exclusively for Shiel's firearm-brandishing conviction under 18 U.S.C. § 924(c)(1)(A).

About six months after judgment was entered, Shiel filed a document entitled "Petition for Sentence Reduction Pursuant to U.S. v. Davis," a seven-sentence filing in which he notes that the United States Supreme Court held in *U.S. v. Davis*[2]—a month before his sentencing here—that "the federal definition of a crime of violence contained in 18 U.S.C. § 924(c) . . . is too vague to be enforced" and supports a sentence reduction in his case.[3] Other than *Davis*, he cites no legal basis for asking this sentencing court to revisit its sentencing decision months after the seven-day window for doing so closed.[4]

---

[1] ECF No. 158 (judgment).

[2] *U.S. v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C § 924(c)(3)(B), is unconstitutionally vague).

[3] ECF No. 194 at 1 (petition).

[4] *See* Fed. R. Crim. P. 35(a); *United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003) ("The district court's jurisdiction to correct a sentence depends upon vacating the sentence and resentencing within the seven days following oral pronouncement of the sentence.").

It appears that the only procedural mechanism for Shiel to seek such relief at this time is through 28 U.S.C. § 2255, which provides the exclusive vehicle for a federal prisoner to challenge the legality of his detention. But because the Antiterrorism and Effective Death Penalty Act limits a federal prisoner's ability to file successive motions under § 2255, if the court characterizes Shiel's current petition as his first §2255 motion, it will "seriously diminish[]" Shiel's "possibility of successfully filing a future, properly drafted and documented motion."[5] The Ninth Circuit held in *United States v. Seesing* that a court cannot recharacterize a motion as a first §2255 motion without giving the petitioner the option of consenting to the recharacterization or withdrawing the motion:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.[6]

The government asks that the court give Shiel these options now.[7]

Because the court finds that Shiel's "Petition for Sentence Reduction Pursuant to U.S. v. Davis," ECF No. 194, should be recharacterized as a motion under 28 U.S.C. § 2255, and because that recharacterization may eliminate or seriously limit Shiel's ability to raise additional

---

[5] *United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000), as amended (Jan. 29, 2001).
[6] *Id*. at 464.
[7] ECF No. 196.

challenges to his conviction or sentence under § 2255 in second or successive § 2255 motions, **Shiel MUST DO ONE OF THESE TWO THINGS by May 8, 2020:**

    1.    <u>**File a consent notice**</u>: File a notice with the court stating that he has been advised that the court's recharacterization of his "Petition for Sentence Reduction Pursuant to U.S. v. Davis," ECF No. 194, as a 28 U.S.C. § 2255 motion may eliminate or seriously limit his ability to raise additional challenges to his conviction or sentence under § 2255, that he CONSENTS to the recharacterization of ECF No. 194 as his 28 U.S.C. § 2255 petition, and he will accept all risks of being precluded from seeking further § 2255 relief; **or**

    2.    <u>**File a notice of withdrawal:**</u> File a notice with the court stating that he withdraws his Petition for Sentence Reduction Pursuant to U.S. v. Davis, ECF No. 194, without prejudice to his ability to raise *Davis* as a ground for relief in one all-inclusive 28 U.S.C.§ 2255 motion that he must file within the one-year statutory period.[8]

**IT IS SO ORDERED.**

Dated: April 7, 2020

                                                                               _____
                                                                        U.S. District Judge Jennifer A. Dorsey

---

[8] Shiel has the obligation at all times to ensure the timely filing of any such motion.